On appellant's petition for reconsideration filed January 6, respondent's petition for reconsideration filed January 7, and appellant's response to respondent's petition for reconsideration filed January 13, reconsideration allowed; opinion (157 Or App 703, 971 P2d 914 (1998)) modified and adhered to as modified February 17, 1999

Professor Eric M. HOLMES,
*Appellant,*

*v.*

WILLAMETTE UNIVERSITY,
*Respondent.*

(9507-05266; CA A95864)

975 P2d 922

James T. McDermott, Steven C. Berman and Ball Janik LLP, for petition and response.

Paul C. Buchanan for petition.

Before Deits, Chief Judge, and Warren, Haselton, Armstrong and Wollheim, Judges.

HASELTON, J.

Deits, C. J., concurring in part; dissenting in part.

## HASELTON, J.

Plaintiff petitions for reconsideration, contending that, in our original opinion, 157 Or App 703, 971 P2d 914 (1998), we failed to address certain arguments pertaining to his breach of contract claim that he raised in his initial briefing. We grant reconsideration and adhere to our original opinion. Although our opinion did not specifically address plaintiff's arguments that there were triable issues of fact as to whether plaintiff was actually discharged by defendant on or before July 29, 1993, we considered and rejected those arguments. We reiterate that rejection without further discussion.

Defendant also petitions for reconsideration, asserting that one aspect of our discussion of the record was erroneous. In particular, defendant takes issue with footnote two of our opinion, which read as follows:

"At oral argument on appeal, Willamette argued, for the first time, that it would have been futile to grant Holmes a one-year unpaid leave of absence to undergo treatment at COPAC, because, without drawing pay, he would have been unable to fund his treatment. Holmes responded, also for the first time at oral argument, that that simply was not true—that because of a COBRA-based continuing entitlement to health benefits, he could have gone to COPAC, even if he wasn't drawing salary as a faculty member. Willamette's "unpaid leave would have been futile" contention is not properly before us. That argument, which is necessarily factual, was not raised below and is utterly unsupported on the evidentiary record." 157 Or App at 707 n 2.

After reviewing the record, we conclude that defendant's objection is, in part, well taken. Accordingly, we modify the final sentence of footnote two to read as follows:

"That argument, which is necessarily factual, was not developed below or on appeal in any fashion that is susceptible to appellate review."

Reconsideration allowed; opinion modified and adhered to as modified.

**DEITS, C. J.,** concurring in part and dissenting in part.

I agree with the majority's disposition of the petition for reconsideration. In all other respects, I adhere to my separate opinion in our original decision. Accordingly, I concur in the majority's disposition of the contract claim and dissent from its disposition of the statutory claim.

Warren, J., joins in this opinion.